**Hannelore M. JONES, Plaintiff,**

v.

**MARRIOTT CORPORATION, Defendant.**

**Misc. Action No. 84-316.**

United States District Court, District of Columbia.

March 19, 1985.

Courtney B. Wheeler, Marriott Corp., Bethesda, Md., for defendant.

T. Rodney Oppmann, Washington, D.C., for plaintiff.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Plaintiff in this action has filed an application for relief under 28 U.S.C. § 1875, which is designed to protect the employment of those summoned to serve either on petit or grand juries in any court of the United States. Defendant filed an opposition, to which plaintiff replied, and a hearing was held before this Court on February 21, 1985. In consideration of the evidence received and arguments of counsel, the Court finds that the plaintiff was coerced and concludes that the defendant is liable to plaintiff in the sum of $200.00 for expenses she was forced to incur.

### A. *Facts*

Plaintiff, Hannelore M. Jones, was hired as a cashier by defendant, Marriott Corporation, to work in a dining facility it operated in the Saudi Arabian Embassy in Washington, D.C. Shortly after entering on the job, plaintiff underwent a routine orientation program for new employees and was given, among other orientation materials, a copy of a document that explained that defendant granted paid leave for all permanent employees who were summoned for jury duty. .

On July 15, 1984, only two weeks after she had started to work at Marriott, plaintiff received a summons for jury service to run from August 15, 1984 until August 31, 1984. She notified her direct supervisor, Dennis Pavelka, of the summons and he requested that plaintiff secure an extension of her jury service for one year, at which time she would have accumulated two weeks of vacation time. Mr. Pavelka further indicated that he would have to hire a replacement in plaintiff's absence and that he "wouldn't know what to do" with two cashiers. Mr. Pavelka failed to reiterate to plaintiff Marriott's policy of granting to permanent employees paid leave for jury service and failed to offer to plaintiff any other assistance.

Fearing she would lose her job if she obeyed the summons, plaintiff sought advice of counsel. Plaintiff's lawyer contacted James F. Davey, Clerk of the Court, to request a postponement for plaintiff of her jury duty. Plaintiff's lawyer also met with Mr. Pavelka, who repeated his request that plaintiff wait until she had accumulated vacation time before she served on a jury. Shortly thereafter, plaintiff's lawyer was informed by the Clerk of the Court that the request for a postponement of jury duty service had been approved and that Ms. Jones had been given a one year extension. Plaintiff's lawyer billed her for legal services in the sum of $200.00, which she paid in installments. Through Mr. Pavelka she sought and was refused reimbursement. In September, 1984, plaintiff procured a higher paying job working nights. According to the testimony of Betty Snow, a friend and coworker of Ms. Jones, plaintiff was unable to work both jobs and decided to resign from the employ of Marriott Corporation, which she did in late September, 1984.

On October 26, 1984, plaintiff's counsel contacted Marriott and demanded that defendant reimburse plaintiff in the sum of $200.00 in legal fees that had been paid by plaintiff for obtaining a deferrment of her jury service. Marriott responded on No-

vember 7, 1984, denying liability or illegality and refusing to settle. One week later, however, defendant offered to settle the case for $200.00, without admitting any liability. Plaintiff returned the check to defendant, stating that settlement could not be reached until defendant agreed also to resolve other alleged improprieties relating to plaintiff's job and Marriott Corporation practices. On December 10, 1984, plaintiff applied to this Court for relief pursuant to the Jury System Improvements Act of 1978, 28 U.S.C. § 1875.

### B. *Analysis*

28 U.S.C. § 1875 provides in pertinent part that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service or the attendance or scheduled attendance in connection with such service, in any court of the United States." The statute provides for damages, attorney's fees, a civil penalty and an injunction by way of sanctions for violations under the statute.

The facts found by the Court in this action lead the Court to conclude that Marriott Corporation, through its agent Dennis Pavelka, violated the provisions of 28 U.S.C. § 1875. Marriott had a duty to ensure that plaintiff was aware that she could report for jury duty without fear of reprisal and with full pay. Marriott attempted so to inform her through the orientation documents distributed to her upon her arrival at Marriott, but Pavelka failed to reiterate this policy when it was of most use to plaintiff. Rather, he asked her to postpone her service until she had accrued vacation time and at the very least implied that if she reported for jury service she may not have a job to which she could return. This action on the part of the employer is sufficient in the Court's view to establish that Marriott "coerced" the plaintiff into unnecessarily hiring an attorney in order to protect her employment. *See In re Grand Juror Ronnie Webb,* 586 F.Supp. 1480 (N.D.Ohio 1984). *See also*

*Wiskotoni v. Michigan National Bank-West,* 716 F.2d 378 (6th Cir.1983).

In addition, the Court awards to plaintiff $200.00 in attorney's fees, as provided by the statute. The Court concludes that the other claims for relief prayed for in the application are without merit and therefore are denied.