**Tracy E. FLYNN, Plaintiff,**

v.

**AMERICAN FIRE AND ELECTRIC INDUSTRIES, INC., et al.,**
**Defendants.**

**No. 93–1103.**

United States District Court,
C.D. Illinois,
Peoria Division.

March 31, 1993.

Douglas N. Koth, Bloomington, IL, for plaintiff.

## ORDER

MIHM, Chief Judge.

Pending before this Court is a Petition for Court Appointment of Private Counsel Pursuant to 28 U.S.C. § 1875(d)(2).

Flynn brings this Petition before the Court in an effort to preserve the right to recover attorney's fees pursuant to 28 U.S.C. § 1875(d)(2). In *In re Webb,* 586 F.Supp. 1480 (N.D.Ohio 1984), the court held that § 1875(d)(2) provides an award for attorney's fees only in cases where private counsel was appointed by the court upon a finding of probable merit. *Webb,* 586 F.Supp. at 1485. The *Webb* decision, however, was based solely on statutory interpretation and not grounded in case precedent.

In *Jones v. Marriott Corp.,* 609 F.Supp. 577 (D.D.C.1985), however, that district court

awarded attorney's fees to a plaintiff who sought counsel without court appointment. Further research by this Court has not disclosed any Circuit Court analyses on this issue.

Section 1875(d)(1) provides:

An individual claiming that his employer has violated the provisions of this section may make application to the district court for the district in which such employer maintains a place of business and the court shall, upon finding probable merit in such claim, appoint counsel to represent such individual in an action in the district court necessary to the resolution of such claim. Such counsel shall be compensated and necessary expenses repaid to the extent provided by § 3006A of Title 18, United States Code.

Section 1875(d)(2) provides:

In any action or proceeding under this section, the court may award a prevailing employee who brings such action by retained counsel a reasonable attorney's fees as part of the cost. The court may tax a defendant employer, as costs payable to the court, the attorney's fees and expenses incurred on behalf of the prevailing employee, where such costs were expended by the court pursuant to paragraph (1) of this subsection. The court may award a prevailing employer a reasonable attorney's fees as part of the cost only if the court finds that the action is frivolous, vexatious or brought in bad faith.

This Court interprets § 1875(d)(2) independent of § 1875(d)(1). The first sentence of § 1875(d)(2) provides that the court may award the prevailing employee who brings such action by retained counsel a reasonable attorney's fees as part of the costs. This Court interprets that provision as authorizing an award of attorney's fees to a prevailing plaintiff employee who has retained private counsel. This Court does not interpret this provision to mean that "retained counsel" must necessarily be a court appointed counsel. While pursuant to the second sentence of § 1875(d)(2) this Court may tax a defendant employer for costs incurred on behalf of an employee where the costs were expended by the court pursuant to subsection (1), that does not necessarily exclude this Court awarding attorney's fees to a prevailing employee who selects his own counsel.

For the reasons set forth above, Flynn's Petition for Court Appointment of Private Counsel Pursuant to 28 U.S.C. § 1875(d)(2) is DENIED.