WALDEN, Judge.
Appellant, Florida Public Utilities Company, terminated the employment of appel-lees, Walter P. Large and George H. Dates-man, after they had both worked for the company for more than thirty (30) years. At the time of termination, Mr. Large was 55 years of age and Mr. Datesman was 58 years of age. The company replaced Mr. Large and Mr. Datesman with men approximately 32 to 35 years of age, who were hired from outside the company.
Suit was brought under the Federal Age Discrimination Act and the State’s Human Rights Act, alleging that the company wrongfully discharged Mr. Large and Mr. Datesman because of their age. Judgments based on jury verdicts were entered in favor of the employees, individually, and against the Company. The Company appealed and the employees cross-appealed the judgments. We consolidated the appeals for review. After consideration of the arguments presented, we affirm in part and reverse in part.
We find that there was conflicting evidence as to why appellees were discharged from their jobs. However, viewing the evidence and record as a whole, we have no difficulty in concluding that there *493 was substantia] competent evidence supporting the jury’s specific finding, contained in the verdict, that age was a determining factor in the discharge of these two men. Thus, there was no error on the part of the trial court when it denied the appellant’s motions for directed verdict and judgment notwithstanding the jury’s verdict.
The verdict and judgment for Mr. Dates-man was in the sum of $125,000 which was based on damages of $25,000 for mental pain and suffering, plus $100,000 for lost income and fringe benefits. The verdict and judgment for Mr. Large was in the sum of $110,000 which was based on damages of $25,000 for mental pain and suffering, plus $85,000 for lost income and fringe benefits.
Appellant contends that it was error to admit evidence of the appellees’ emotional distress and to allow the jury to award damages for mental pain and suffering. We agree that the award for damages for mental pain and suffering was error and reverse that part of the judgment. We do this upon authority of Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 148 (2d Cir.1984), and Bennett v. Southern Marine Management Co., 531 F.Supp. 115 (M.D.Fla.1982). We are of the opinion, however, that the evidence presented as to mental pain and suffering was not of the kind and magnitude to mandate a new trial. We believe that it was separately admissible to show that appellees’ firings came as a complete surprise, and without prior warning of any deficiency in their job performance.
Finally, appellant contends that it was error to allow its 1983 financial statement in evidence. We disagree for two reasons. First, the matter was not adequately preserved for appeal. Second, there was no prejudice since the 1976-1977 financial statements were already in evidence (related to the primary issue of the suit), to show the Company’s net worth as the admitted “best financial years in its history.”
As to the appellees’ cross-appeal, we find that the trial court erred by denying the appellees’ claim for liquidated damages. The trial court evidently believed it had discretion to decide whether to award liquidated damages despite the jury's finding of willfulness on the part of the employer in discharging the appellees. The trial court relied upon Hays v. Republic Steel Corp., 531 F.2d 1307 (5th Cir.1976), wherein the Fifth Circuit had reasoned that the Portal-to-Portal Act of 1947, 29 U.S.C. section 260, created a discretionary, good-faith exception to liquidated damages in cases brought under the Fair Labor Standards Act and that this discretion was meant to be incorporated in the Age Discrimination in Employment Act. No other federal circuit has followed this reasoning, and recently, in Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), the Supreme Court disapproved the Hays decision. Therefore, once the jury found willfulness on the part of appellant, the trial court was required to determine an award of liquidated damages under the federal act. Moreover, as to the claimed damages for front pay, it will be appropriate for the trial court, upon remand, to consider such claim inasmuch as the trial court has found that reinstatement would not be a viable remedy under the circumstances. The award of front pay lies within the discretion of the trial court. However, the award of liquidated damages should be considered in determining whether or not to award front pay in addition. See the admonitions found in Wildman v. Lerner Stores Corp., 771 F.2d 605 (1st Cir.1985).
We affirm in part; reverse in part; and remand for further proceedings consistent herewith.
ANSTEAD and DELL, JJ., concur.