**Arthur Thomas CARTER, Jr., Plaintiff,**

v.

**CITIBANK, et al., Defendants.**

**No. 85 CV 3787.**

United States District Court,
E.D. New York.

Oct. 15, 1986.

Jethro M. Eisenstein, Friedman & Eisenstein, New York City, for plaintiff.

Franklin S. Bonem, Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This case presents an issue of first impression: is a claimant under 28 U.S.C. § 1875 entitled to a jury trial?

### Facts

Plaintiff has commenced suit against his former employer, alleging that he was discharged because of his service as a federal grand juror, in violation of 28 U.S.C. § 1875. Section 1875 was enacted as part of the Jury System Improvements Act of 1978.[1] It prohibits employers from discharging, threatening to discharge, intimidating, or coercing permanent employees by reason of their federal jury service. *See* 28 U.S.C. § 1875(a). Section 1875(b) provides that an employer found in violation of the statute

(1) shall be liable for damages for any loss of wages or other benefits suffered by an employee by reason of such violation;

(2) may be enjoined from further violations of this section and ordered to provide other appropriate relief, including but not limited to the reinstatement of any employee discharged by reason of his jury service; and

---

**1.** Pub.L. No. 95–572, 92 Stat 2453, *amended by* Pub.L. No. 97–463, 96 Stat. 2531 (1983).

(3) shall be subject to a civil penalty of not more than $1,000 for each violation as to each employee.

Plaintiff's complaint demands, among other things, "[m]oney damages in the amount of $250,000.00" and includes a demand for a jury. Defendant has moved to strike the jury demand. For the reasons discussed below, the motion is denied.

## Discussion

Plaintiff is entitled to a jury trial in this case if it is authorized either by the statute or by the Seventh Amendment. *See, e.g., Curtis v. Loether,* 415 U.S. 189, 191–92, 94 S.Ct. 1005, 1006–07, 39 L.Ed.2d 260 (1974). Mindful of the Supreme Court's dictate that a court must first determine " ' "whether a construction of the statute is fairly possible by which the [constitutional] question may be avoided," ' " *Lorillard v. Pons,* 434 U.S. 575, 577, 98 S.Ct. 866, 868, 55 L.Ed.2d 40 (1978) (brackets in original) (quoting *United States v. Thirty-seven Photographs,* 402 U.S. 363, 369, 91 S.Ct. 1400, 1404, 28 L.Ed.2d 822 (1971) (quoting *Crowell v. Benson,* 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598 (1932))), I turn to the question of whether section 1875 authorizes a jury trial.

An examination of section 1875 and its legislative history discloses that Congress did not grant within the statute the right to a jury trial. To begin with, there is no explicit grant in the statute itself. *See* 28 U.S.C. § 1875. *Compare* 29 U.S.C. § 626(c)(2) ("In an action brought under [this section], a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter, regardless of whether equitable relief is sought by any party in such action.").[2]

This does not end the inquiry, however. In *Lorillard v. Pons, supra,* the Supreme Court found that Congress intended private claims arising under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (1970 & Supp. IV), to be tried to a jury, although the statute at that time did not explicitly provide for such a right.[3] The Court noted that Congress incorporated the remedies and procedures of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.,* into the ADEA. Becuase courts had long held that private actions pursuant to the FLSA were triable to a jury, the Court inferred that Congress intended to incorporate the right to jury trial into the ADEA. *Lorillard v. Pons, supra,* 434 U.S. at 580–83, 98 S.Ct. at 869–71.

The Court found this inference buttressed by the language that Congress employed to describe available remedies under the ADEA. The ADEA empowers a court to grant *"legal* or equitable relief" and authorizes individuals to bring actions for *"legal* or equitable relief." *See id.* at 583, 98 S.Ct. at 871 (emphasis in original) (quoting 29 U.S.C. § 626(b), (c)). Finding the word "legal" to be a term of art, the Court held that "by providing specifically for 'legal' relief, Congress knew the significance of the term 'legal,' and intended that there would be a jury trial on demand" to determine the damages issues. *Id.*

■ Applying this analysis, I hold that section 1875 does not authorize a statutory right to jury trial. First, Congress did not incorporate an existing jury trial framework into section 1875, as it did with the ADEA. Because *Lorillard v. Pons* was based largely on such a framework, *see Lorillard, supra,* 434 U.S. at 580, 98 S.Ct. at 869; *Securities & Exchange Commission v. Commercial Chemical Securities, Inc.,* 574 F.2d 90, 96 (2d Cir.1978), the

2. *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), held that § 626 provided for trial by jury. *See id.* at 585. The Court left open the question of whether the statute authorized a jury trial on a claim for liquidated damages. *See id.* at 577 n. 2. In response to this, Congress amended the statute, inserting the quoted language that specifically authorizes a

jury trial for all actions brought under § 626. *See* Age Discrimination in Employment Act Amendments of 1978, H.Conf.Rep. No. 950, 95th Cong., 2d Sess. 13–14, *reprinted in* 1978 U.S. Code Cong. & Ad.News, pp. 504, 528, 535.

3. See *supra* note 1.

absence of one here militates against finding congressional intent to authorize a jury trial under section 1875. Second, section 1875(b) does not characterize relief under the statute as "legal," which *Lorillard v. Pons* found to be a term of art indicative of congressional intent to authorize a jury trial. I take note of the fact that the statute provides that employers "shall be found liable" in the event of a violation. This authorization of mandatory relief, however, in the absence of other language in the statute indicating congressional awareness that it was authorizing legal relief, is insufficient to infer congressional intent to create a statutory right to jury. Finally, an examination of the legislative history of section 1875 does not convince me that the right to a jury trial was intended by Congress when it enacted the statute. *See* Jury System Improvements Act of 1978, H.R.Rep. No. 95–1652, 95th Cong., 2d Sess. 15–16, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5477, 5488–89.

■ I now turn to the Seventh Amendment question. The Seventh Amendment states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." Read literally, the amendment extends the right to a jury trial only to those common-law actions for which a jury trial was recognized in 1791. The Supreme Court has rejected such a strict application, however, holding that the Seventh Amendment applies "to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether, supra,* 415 U.S. at 194, 94 S.Ct. at 1008. Thus, if plaintiff's claim for money damages constitutes an action to enforce "legal rights," it comes within the ambit of the Seventh Amendment, and the right to a jury trial attaches.

Section 1875 provides that employers found in violation of the statute "shall be liable for damages for any loss of wages or other benefits suffered by an employee by reason of such violation." 28 U.S.C. § 1875(b)(1). Defendant characterizes this provision as "restitutional relief ...—traditional equitable relief the employee's right to which is determined by the court and not by a jury." Defendant's Memorandum of Law in Support of Motion, at 6. Plaintiff, on the other hand, contends that because the relief is mandatory, not discretionary, it is a legal claim. Plaintiff's Memorandum in Opposition to Defendant's Motion, at 7.

An examination of authorities convinces me that section 1875 does authorize legal relief to which the Seventh Amendment right to jury trial attaches. I recognize that a plaintiff seeking monetary relief under a statute is not automatically entitled to a jury trial. *See Commercial Chemical Securities, supra,* 574 F.2d at 95; *see also Curtis v. Loether, supra,* 415 U.S. at 196, 94 S.Ct. at 1009. For example, although Congress in Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, provided that courts may award back pay to a successful plaintiff,[4] most courts hold that Title VII actions are not triable to a jury because the statute placed the availability of back pay within the equitable discretion of the court. *See Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 374–75 & n. 19, 99 S.Ct. 2345, 2350 & n. 19, 60 L.Ed.2d 957 (1979).

Under section 1875, by contrast, compensation is required once the employer's liability is proved. The compensation provision of section 1875 is thus closely analo-

---

4. Title VII provides that upon finding a violation by the defendant

the court may enjoin the [defendant] from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees with or without back pay.

42 U.S.C. § 2000e–5(g).

The Supreme Court has not decided whether a Title VII claimant is entitled to a jury trial. *See Lorillard v. Pons,* 434 U.S. 575, 583–84, 98 S.Ct. 866, 871–72, 55 L.Ed.2d 40 (1978); *Curtis v. Loether,* 415 U.S. 189, 197, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974).

**22**

gous to that of Title VIII of the Civil Rights Act of 1968 (Title VIII), 42 U.S.C. § 3601 *et seq.,* which provides that "[t]he Court may ... award to the plaintiff actual damages and not more than $1,000 punitive damages," 42 U.S.C. § 3612(c). Noting this language, the Supreme Court has held that Title VIII claimants are entitled to a jury trial because the statute authorizes "the traditional form of relief offered in the courts of law." *Curtis v. Loether, supra,* 415 U.S. at 196, 94 S.Ct. at 1009. Once liability is proved, the claimant is entitled to a damages recovery, which does not involve the court's equitable discretion. The language of section 1875 similarly authorizes a damages award once liability is proved, and hence does not invoke this Court's "discretion to prevent unjust enrichment." *Commercial Chemical Securities, supra,* 574 F.2d at 95. It thus creates a right to damages to which the plaintiff is legally entitled. *See id.* at 95. Accordingly, I hold that the Seventh Amendment right to trial by jury applies to claims arising under 28 U.S.C. § 1875. Defendant's motion to strike plaintiff's jury demand is denied.

SO ORDERED.