Patrick SHEA, Plaintiff-Appellant,

v.

COUNTY OF ROCKLAND, Rockland County Health Center, Defendants-Appellees.

No. 507, Docket 86–7747.

United States Court of Appeals, Second Circuit.

Argued Dec. 10, 1986.

Decided Jan. 21, 1987.

Jay F. Jason, Suffern, N.Y. (Ira M. Emanuel, Beth L. Finkelstein, Lexow, Berbit & Jason, Suffern, N.Y., of counsel), for plaintiff-appellant.

Joseph S. Malara, Hartsdale, N.Y. (Francis J. Young, P.C., Hartsdale, N.Y., of counsel), for defendants-appellees.

Before OAKES, CARDAMONE and DAVIS *, Circuit Judges.

CARDAMONE, Circuit Judge:

Jury service is an important federal function because it is a jury that historically has reflected the commonsense judgment of the community; it is the jury that serves as a counter to the exercise of arbitrary power. *See Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S.Ct. 692, 697, 42 L.Ed.2d 690 (1975). But because some employers are hostile to the idea of their employees serving as jurors and threaten, harass or even discharge those who accept jury duty, Congress enacted the Jury System Improve-

* Honorable Oscar H. Davis, U.S. Circuit Judge for the Federal Circuit, Washington, D.C., sitting by designation.

ments Act of 1978, Pub.L. No. 95–572, 92 Stat. 2456 (codified as amended at 28 U.S.C. § 1875 (1982)). That law provides, *inter alia*, for monetary and injunctive relief, as well as a civil penalty for discharge or threatened discharge of an employee by reason of such person's federal jury service. The present appeal requires us to decide for the first time whether compensatory damages may be recovered under the statute against an employer that violates the statute for an employee's non-economic loss.

On June 4, 1986 a jury found that plaintiff Patrick Shea's employers, the defendants County of Rockland and Rockland County Health Center, had intimidated Shea on account of his service as a federal juror in violation of 28 U.S.C. § 1875. Consequently, in a suit instituted by Shea, the United States District Court for the Southern District of New York (Stewart, J.) enjoined defendants from future violations and fined them $500 in civil penalties under 28 U.S.C. §§ 1875(b)(2) and (3). It also ruled that 28 U.S.C. § 1875(b)(1) did not entitle plaintiff to compensatory damages for claimed mental pain and suffering because the statute limits damages to loss of wages or other employment benefits. Shea appeals from that portion of the judgment that denied him compensatory damages under § 1875(b)(1). We affirm.

## DISCUSSION

■ Appellant Shea maintains that inclusion of the terms "other benefits" in subsection (b)(1) and "other appropriate relief" in subsection (b)(2) of § 1875 indicates Congress' purpose to provide for an award of compensatory damages for mental pain and suffering. This reading of § 1875 finds no support in the statute or its legislative history.

The best starting point for examination of § 1875 is the language of the statute. *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985); *Watt v. Alaska*, 451 U.S. 259, 265, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981). "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

This section provides that

(a) No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States.

(b) Any employer who violates the provisions of this section—

(1) shall be liable for damages for any loss of wages or other benefits suffered by an employee by reason of such violation;

(2) may be enjoined from further violations of this section and ordered to provide other appropriate relief, including but not limited to the reinstatement of any employee discharged by reason of his jury service; and

(3) shall be subject to a civil penalty of not more than $1,000 for each violation as to each employee.

28 U.S.C. § 1875 (1982). In enacting § 1875 Congress fashioned a three-pronged remedy for aggrieved employee-jurors. First, subsection (b)(1) provides for monetary relief for "any loss of wages or other benefits", second, subsection (b)(2) authorizes injunctive relief and, third, subsection (b)(3) establishes statutory relief in the form of civil penalties.

Turning to subsection (b)(1), we conclude that the phrase "other benefits," when read in context, *see Richards v. United States*, 369 U.S. 1, 11, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962) (language should not be read in isolation from the context of the statute as a whole), is limited to employment-related benefits—other than wages—that an employee may have lost as a result of his employer's hostility to jury service. Such "other benefits" may properly include commissions, insurance benefits, sick leave, vacation pay, use of a company car, or any other economic or "fringe" benefits com-

monly associated with employment. *See generally Segal v. Gilbert Color Systems, Inc.*, 746 F.2d 78, 80–81 (1st Cir.1984) (commission and insurance benefits). Nevertheless, "other benefits" when read in the context of an employment relationship cannot be construed to cover impairment of a worker's peace of mind. In fact, the handful of cases awarding monetary damages for a violation of § 1875 have only granted relief for actual economic loss. *See, e.g., Segal*, 746 F.2d at 81; *In re Webb*, 586 F.Supp. 1480 (N.D.Ohio 1984). Other intangible losses are to be redressed by injunctive relief provided for in (b)(2) and/or by the imposition of civil penalties provided for in (b)(3).

 Nor can we adopt appellant's second argument that the term "other appropriate relief" in (b)(2) reflects a legislative purpose to provide compensatory damages. That language refers only to other types of injunctive relief, it does not address money damage awards. This conclusion follows from the three-pronged structure of relief built into the statute. For were it Congress' purpose that "other appropriate relief" include monetary relief, such language would have been included in (b)(1), which is the section that deals exclusively with compensatory damages, rather than (b)(2) which relates solely to injunctive relief.

Moreover, the example given in § 1875(b)(2) indicates that Congress meant "other appropriate relief" to be confined to injunctive relief. Congress stated that an employer-violator may be "ordered to provide other appropriate relief, including but not limited to ... reinstatement...." Reinstatement therefore is merely illustrative of the other types of injunctive relief contemplated in (b)(2). *United States v. Bishop*, 412 U.S. 346, 356, 93 S.Ct. 2008, 2015, 36 L.Ed.2d 941 (1973) (context is important in the quest for statutory meaning). In accordance with "the axiom that words used in a statute are to be given their ordinary meaning," *Burns v. Alcala*, 420 U.S. 575, 580–81, 95 S.Ct. 1180, 1184, 43 L.Ed.2d 469 (1975), we conclude that "other appropriate relief" can only mean other forms of injunctive relief that a district court may grant. Nothing in the language of § 1875 supports appellant Shea's claim that § 1875 contemplates an award of monetary damages for emotional distress.

Inquiry does not end after ascertaining the meaning drawn from the face of a statute, *Watt v. Alaska*, 451 U.S. at 266, 101 S.Ct. at 1677; *Train v. Colorado Public Interest Research Group, Inc.*, 426 U.S. 1, 10, 96 S.Ct. 1938, 1942, 48 L.Ed.2d 434 (1976). A brief examination of legislative history reveals that with respect to damages Congress simply echoed the language of the proposed law, explaining that the aggrieved worker would be entitled to recover "any loss of wages or other benefits suffered on account of such violation." H.R.Rep. No. 1652, 95th Cong., 2nd Sess. 7 *reprinted in* 1978 U.S.Code Cong. & Ad. News 5477, 5488. In sum, both the Act and its legislative history are barren of any reference to damages for mental anguish.

Accordingly, Congress' purpose in enacting § 1875(b)(1) was to provide only for compensatory damages for the economic loss of wages or other employment related benefits. Because the district court correctly held that this statute does not entitle an aggrieved employee-juror to recover damages for non-economic losses, the judgment below should be affirmed.

Judgment affirmed.