**JUROR 157, Plaintiff,**

v.

**CORPORATE DEFENDANT, Ms. Defendant, and Mr. Defendant, Defendants.**

No. 88–844–Civ–J–14.

United States District Court, M.D. Florida, Jacksonville Division.

March 3, 1989.

William J. Sheppard, Sheppard and White, P.A., Jacksonville, Fla., for plaintiff.

Lamar Winegeart, III, Mahoney Adams Milam Surface & Grimsley, Jacksonville, Fla., for defendants.

## OPINION AND ORDER

SUSAN H. BLACK, District Judge.

### I. *Background*

This case is before the Court on plaintiff's Motion To Strike Defendant's Objection To Demand For Jury Trial, filed December 20, 1988. Defendant filed a response in opposition on January 17, 1989.

Plaintiff's Complaint filed on October 12, 1988, alleges that defendants terminated her employment because of her service on a federal petit jury in the criminal trial of Carlos Lehder in violation of 28 U.S.C. § 1875. In the Complaint, plaintiff demanded a trial by jury. In their answer the defendants objected to plaintiff's jury demand. Plaintiff now moves to strike defendant's objection pursuant to Fed.R.Civ. P. 12(f).

Plaintiff is entitled to a jury trial in this case if it is authorized either by the statute or by the seventh amendment. Fed.R.Civ. P. 38(a). *See Curtis v. Loether,* 415 U.S. 189, 191–92, 94 S.Ct. 1005, 1006–07, 39 L.Ed.2d 260 (1974). The Court will first examine whether or not Congress intended to create a right to a jury trial in 28 U.S.C. § 1875. The Court will also determine whether or not plaintiff has such a right under the seventh amendment.

## II. *Congressional Intent*

■ Congress can manifest its intent to authorize a trial by jury either by expressly providing such a right or by using terms of art from which a jury trial right can be inferred. *See Lorillard v. Pons*, 434 U.S. 575, 583 & 585, 98 S.Ct. 866, 871 & 872, 55 L.Ed.2d 40 (1978). *Cf. Lehman v. Nakshian*, 453 U.S. 156, 162–65, 101 S.Ct. 2698, 2702–04, 69 L.Ed.2d 548 (1981). In *Lorillard v. Pons*, 434 U.S. 575, 583 & 585, 98 S.Ct. 866, 871 & 872, 55 L.Ed.2d 40 (1978), the Supreme Court found that the language of the Age Discrimination Employment Act of 1967, 29 U.S.C. §§ 621–634, evidenced Congressional intent to provide for a trial by jury. The Court found that when Congress granted federal courts the authority to grant "legal or equitable relief," Congress used the term "legal" as a term of art. 434 U.S. at 583. The Court found that Congress used the term "legal" with knowledge that "[i]n cases in which legal relief is available and legal rights are determined, the Seventh Amendment provides a right to jury trial." *Id.*

Similarly, in *Tull v. United States*, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987), the Supreme Court stated that civil penalties were remedies available at common law and could only be enforced in courts of law. 481 U.S. at 422, 107 S.Ct. at 1838, 95 L.Ed.2d at 376. The Court stated that the civil penalties of the Clean Water Act authorizing punishment to further retribution and deterrence evidences Congressional intent beyond a concern for equitable relief. *Id.* The Court found that although liability for civil penalties would be determined by a jury, Congress intended that the amount of the civil penalty would nonetheless be determined by the Court. 481 U.S. at 425, 107 S.Ct. at 1839, 95 L.Ed.2d at 378.

■ In this case, Congress did not supply an express right to trial by jury in 28 U.S.C. § 1875. Nonetheless, Congress stated that an employer who violated the statute would "be liable for damages for any loss of wages or other benefits suffered by an employee by reason of such violation." 28 U.S.C. § 1875(b)(1). The Court finds that "damages" is a term of art used to describe legal remedies as distinguished from equitable remedies. *See Curtis v. Loether*, 415 U.S. at 196 n. 11, 94 S.Ct. at 1009 n. 11 (1974); *Whiting v. Jackson State University*, 616 F.2d 116, 122 & n. 4 (5th Cir.1980). This Court is aware that courts of equity can also under certain circumstances award monetary relief, however, such relief is typically awarded as an incident to prospective relief or under express statutory authorization. *See, e.g., Curtis v. Loether*, 415 U.S. 189, 197, 94 S.Ct. 1005, 1010, 39 L.Ed.2d 260 (1974) ("In Title VII cases the courts of appeals have characterized back pay as an integral part of an equitable remedy"). *See also* 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 38.19[2] (2d ed. 1988) (monetary relief incidental to equitable remedy). Congress's use of the term "damages" in 28 U.S.C. § 1875, therefore, supports a statutory right to trial by jury.

Congress also included a civil penalty in 28 U.S.C. § 1875 of not more than $1,000 for each violation as to each employee. 28 U.S.C. § 1875(b)(3). The Court finds that Congress's provision of a civil penalty in 28 U.S.C. § 1875(b)(3) evidences Congressional intent to provide a right to trial by jury as it did in *Tull* under the Clean Water Act.[1]

---

1. Unlike *Tull,* Congress did not express an intent that federal judges determine the amount of the civil penalty in actions under 28 U.S.C. § 1875. Absent any indication by the Congress to the contrary, this Court finds no reason why the jury could not calculate an appropriate penalty if that were appropriate under the statute. The civil penalties required under 28 U.S.C. § 1875 are not "highly discretionary calculations that take into account multiple factors" as was the case under the Clean Water Act in *Tull. See Tull,* 481 U.S. at 427, 107 S.Ct. at 1840, 95 L.Ed.2d at 379. To the contrary, the civil penalties under 28 U.S.C. § 1875 are analogous to punitive damage awards that juries commonly calculate in ordinary tort actions. Civil penalties are in the nature of punitive damages and serve the same policy objectives of exacting retribution and deterrence. The only distinction between civil penalties and punitive damages is that civil penalties have upper limits and punitive damages do not. This distinction is insufficient evidence of Congressional intent to render the amount of the civil penalty a question for the court.

The legislative history of 28 U.S.C. § 1875 also evidences Congressional intent to create a right to trial by jury. Congress stated that 28 U.S.C. § 1875 "imposes a basic *legal* duty upon the employers of Federal jurors, prohibiting them from discharging, threatening to discharge, intimidating, or coercing any permanent employee by reason of such employee's actual or prospective jury service in any court of the United States." 1978 U.S.Code Cong. & Ad.News 5477, 5488 (emphasis added). The Supreme Court has stated that use of the term of art "legal" signified Congressional intent to provide for a right to a trial by jury. *See Lorillard v. Pons,* 434 U.S. 575, 583 & 585, 98 S.Ct. 866, 871 & 872, 55 L.Ed.2d 40 (1978).

Congress did not, however, intend 28 U.S.C. § 1875 to be enforced solely by resort to legal remedies. Section 1875(b)(2) provides for a host of equitable remedies. In particular, that provision states that an employer "may be enjoined from further violations of [28 U.S.C. § 1875] and ordered to provide other appropriate relief, including but not limited to the reinstatement of any employee discharged by reason of his jury service." 28 U.S.C. § 1875(b)(2). This provision does not support a right to trial by jury.

The inclusion of both legal and equitable remedies in 28 U.S.C. § 1875 does not, however, signal that Congress intended no trial by jury under the statute. As in *Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987), the inclusion of both legal and equitable remedies in a statute signals only that Congress intended the trial of certain issues by the Court and others by the jury.

Pursuant to the foregoing analysis, the Court finds that Congress intended 28 U.S.C. § 1875 to permit a trial by jury on the question of lost wages, "other benefits" [2] lost by an employee, and civil penalties. Congress intended a bench trial as to any prospective relief such as reinstatement.[3] As to issues of fact common to an award either legal and equitable relief under 28 U.S.C. § 1875, the Court is of course bound by the determinations of the jury. *See Beacon Theatres v. Westover,* 359 U.S. 500, 508, 79 S.Ct. 948, 955, 3 L.Ed.2d 988 (1959); *Curtis v. Loether,* 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974).

■ The Court is unpersuaded by defendant's argument that any award of back pay must be considered equitable relief. Although back pay is considered equitable relief in some causes of action, it is considered legal in others.[4] This Court is per-

**2.** The Second Circuit Court of Appeals has determined that "other benefits" in 28 U.S.C. § 1875(b)(2) is limited to employment-related benefits other than wages that an employee may have lost as a result of his employer's hostility to jury service. *See Shea v. County of Rockland,* 810 F.2d 27, 28–29 (2d Cir.1987). The Court found that such benefits would include commissions, insurance benefits, sick leave, vacation pay, use of a company car, or any other economic or fringe benefits commonly associated with employment. "Other benefits" did not include compensatory damages for mental pain and suffering.

**3.** The only other courts to analyze the issue whether or not 28 U.S.C. § 1875 permits a jury trial did not find a statutory right to a trial by jury. *See Hill v. Winn–Dixie Stores, Inc.,* No. 88–91–Civ–T–13(A), 1988 WESTLAW 151723 (M.D.Fla. October 12, 1988); *Carter v. Citibank,* 649 F.Supp. 19, 20–21 (E.D.N.Y.1987). This Court notes that the *Hill* and *Carter* courts did not analyze the use of the term "damages" in the statute, the use of the term "legal" in the legislative history, the significance of the civil penalty

remedy, or apply the Supreme Court's decision in *Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987).

**4.** Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g) an award of back pay is considered equitable relief for which no jury trial right exists. *See Lehman v. Nakshian,* 453 U.S. 156, 164, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981); *Williams v. City Of Montgomery,* 742 F.2d 586, 590 (11th Cir.1984), *cert. denied,* 471 U.S. 1005, 105 S.Ct. 1868, 85 L.Ed.2d 161 (1985); *Lincoln v. Board Of Regents Of The University System Of Georgia,* 697 F.2d 928, 934 (11th Cir.), *cert. denied,* 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 102 (1983). An award of back pay under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634, even before Congress amended the statute to expressly provide for a right to a jury trial, is legal relief for which a jury trial right is available. *See Lorillard v. Pons,* 434 U.S. 575, 585, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978). Similarly, back pay constitutes legal relief under 42 U.S.C. § 1981. *See Lincoln,* 697 F.2d at 934. Thus, back pay cannot

suaded that Congress may designate back pay awards to be either legal or equitable, and it is not for the federal courts to alter the statutory scheme created by Congress.

### III. *Seventh Amendment*

■ Although this Court finds that the right to trial by jury may exist under the language of the statute itself, this Court is aware that other federal district courts that have addressed the issue have not found such a statutory right.[5] Even if Congress did not intend trial by jury in 28 U.S.C. § 1875 claims, such a right exists under the seventh amendment.[6]

The seventh amendment provides as follows: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." U.S. Const. amend. VII. The seventh amendment not only preserves the right to trial by jury in those causes of action existing at the time of the adoption of the Bill of Rights. The seventh amendment "requires a jury trial on the merits in those actions that are analogous to 'Suits at common law.'" *Tull*, 481 U.S. at 418, 107 S.Ct. at 1835, 95 L.Ed.2d at 373.[7]

The Court must, therefore, determine whether or not the statutory action in this case is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty. To perform such an analysis, the Court must "examine both the nature of the action and the remedy sought." *Tull*, 481 U.S. at 417, 107 S.Ct. at 1835, 95 L.Ed.2d at 373. This analysis requires a two part inquiry. First, the Court must compare the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity. *Tull*, 481 U.S. at 418, 107 S.Ct. at 1836, 95 L.Ed.2d at 373. Second, the Court must examine the remedy sought and determine whether or not it is legal or equitable in nature. *Id.*[8]

---

be inflexibly characterized either as legal or equitable relief. The characterization of back pay as legal or equitable relief is instead a function of Congressional intent.

**5.** See *Hill v. Winn–Dixie Stores, Inc.*, No. 88–91–Civ–T–13(A), (M.D. Fla. October 12, 1988) (unpublished opinion); *Carter v. Citibank*, 649 F.Supp. 19, 21 (E.D.N.Y.1986).

**6.** In *Hill v. Winn–Dixie Stores, Inc.*, No. 88–91–Civ–T–13(A), (M.D.Fla. October 12, 1988) (unpublished opinion), Judge Carr found that the seventh amendment afforded plaintiff a right to trial by jury by characterizing the back pay award in 28 U.S.C. § 1875 as a legal remedy. This finding is, in turn, based on the mandatory language used in the statute. Judge Carr also noted the analogy between 28 U.S.C. § 1875 to the common law actions for breach of contract and tort.

In *Carter v. Citibank*, 649 F.Supp. 19, 21 (E.D.N.Y.1986), the district court found a right to trial by jury under the seventh amendment based on a characterization of the back pay award. The *Carter* court failed, however, to analyze common law remedies.

Although this Court agrees with the conclusions reached by Judge Carr and the court in *Carter*, this Court believes that seventh amendment review requires greater emphasis on analogy to common law remedies and Congressional intent.

Other courts have apparently found a right to trial by jury in 28 U.S.C. § 1875 claims without specifically stating that conclusion. See *Shea v. County of Rockland*, 810 F.2d 27 (2d Cir.1987);

*Segal v. Gilbert Color Systems, Inc.*, 746 F.2d 78 (1st Cir.1984). Other courts have disposed of cases under 28 U.S.C. § 1875 without juries, but did not eschew the existence of a right to jury trial. See *United States v. Adamita*, 701 F.Supp. 85 (S.D.N.Y.1988) (bench trial); *Goodson v. Cigna Insurance Company*, 1988 WESTLAW 52086 (E.D.Pa. May 20, 1988) (summary judgment); *Johnson v. Appliance and T.V. Center, Inc.*, 1987 WESTLAW 16942 (M.D.N.C., May 7, 1987) (bench trial); *Jones v. Marriott Corporation*, 609 F.Supp. 577 (D.D.C.1985) (bench trial).

**7.** The Supreme Court has also stated that the seventh amendment applies "to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). This Court construes the Supreme Court's formulation of the seventh amendment standard in *Tull* to be equivalent to the formulation in *Curtis*.

**8.** This Court notes that the Supreme Court had at one time required the analysis of a third element. In *Ross v. Bernhard*, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729 (1970), the Supreme Court stated that courts must also consider "the practical abilities and limitations of juries." The Supreme Court in *Tull* stated, however, that it has not used this factor to extend the right to trial by jury. *Tull*, 481 U.S at 418, 107 S.Ct. at 1836, 95 L.Ed.2d at 373 n. 4. See also *Leach v. Pan American World Airways*, 842 F.2d 285, 288 (11th Cir.1988).

### A. *Analogy To Common Law Actions*

The Court finds that the closest analogy of this case to pre-merger causes of action is to actions for special assumpsit or to an action in debt. *See generally* 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 38.27 (2d ed. 1988). Under the special assumpsit analogy, it is necessary to imply that the terms of a statute like 28 U.S.C. § 1875 are incorporated into an employment contract. *See Olearchick v. American Steel Foundries,* 73 F.Supp. 273, 280 (W.D.Pa.1947) (Action under Fair Labor Standards Act is incorporated into employment contract). At common law there existed a right to a jury trial as a matter of right in an action for assumpsit.

Similarly, the Court finds that this action is analogous to an action in debt to the extent that the action permits a plaintiff to seek civil penalties. As the Supreme Court explained in *Tull,* an action in debt was cognizable at law and a right to a jury trial was available. *Tull,* 481 U.S. at 418, 107 S.Ct. at 1836, 95 L.Ed.2d at 373.

The Court also finds that this action bears analogy to an action for an injunction to the extent that the statute provides for all forms of prospective relief and reinstatement. Such an action was traditionally equitable.

### B. *Whether Remedies Are Legal Or Equitable*

The remedy for special assumpsit at common law was damages. The remedy for an action in debt included civil penalties. As to the remedies of damages and civil penalties, the seventh amendment affords plaintiff a right to a jury trial in an action under 28 U.S.C. § 1875. To the extent that the statute provides for injunctive relief as to future violations of the statute and reinstatement, the seventh amendment does not require a jury trial. These equitable remedies do not appear to have been components of the common law actions. This conclusion is consistent with Congressional intent.

The Court disagrees with defendant's analogy of this action to an action by the court to sanction conduct impeding the administration of the courts under the court's inherent contempt powers. First, an exercise of the court's contempt powers is intended to vindicate the court's interests and not those of the individual juror. Second, 28 U.S.C. § 1875 is not merely a codification of the Court's civil contempt powers. The statute provides for a greater array of remedies than would be available under the Court's contempt powers including the imposition of civil penalties, the appointment of counsel, and the award of attorney's fees. Finally, as stated above, the statute provides remedies traditionally awarded by courts of law in addition to traditional equitable remedies.

Accordingly, it is

ORDERED:

1. That plaintiff's Motion To Strike Defendant's Objection To Demand For Jury Trial, filed December 20, 1988, is granted, and the plaintiff's demand for jury trial shall remain.

2. That this cause of action shall be tried by a jury to the extent specified in this order.

DONE AND ORDERED.