**Shirrel L. LUCAS, Plaintiff,**

v.

**MATLACK, INC., a corporation, Defendant.**

Civ. A. No. 93–0006–W(S).

United States District Court, N.D. West Virginia.

April 18, 1994.

---

G. Charles Hughes, Moundsville, WV, for plaintiff.

Frank X. Duff and Sandra K. Law, Wheeling, WV, for defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON AMENDED COMPLAINT

STAMP, District Judge.

#### I. *Background*

Plaintiff Shirrel L. Lucas ("Lucas"), a member of a Special Grand Jury of this Court, filed this civil action against his employer, Matlack, Inc. ("Matlack") for alleged violations of the Jury System Improvements Act, 28 U.S.C. § 1875 ("the Jury Act"). This Court has subject matter jurisdiction over this federal question action pursuant to 28 U.S.C. § 1331.

On January 7, 1993, Lucas filed a complaint in which he claimed that Matlack had violated the Jury Act by failing to pay Lucas full wages while he served on the jury. On November 1, 1993, this Court entered a memorandum opinion and order granting Matlack summary judgement based on a finding that Matlack had no duty under the Jury Act to pay Lucas full wages during his jury service. On December 8, 1993, this Court allowed Lucas to file an amended complaint stating a claim under the Jury Act based on certain allegedly intimidating or coercive comments made by Lucas' supervisor. On March 18, 1994, Matlack filed a Motion for Summary Judgment on the amended complaint. On April 1, 1994, Lucas filed a memorandum in opposition to Matlack's motion. On April 5, 1994, Matlack filed a reply to Lucas' response.

This Court has now reviewed the applicable law and the memoranda in support of and in opposition to the motion for summary judgment as to the amended complaint. For the reasons stated herein, this Court concludes that Matlack's motion for summary judgment should be granted.

#### II. *Statement of the Facts*

Lucas is and was at all times relevant to this cause of action an employee of Matlack. In November 1991, Lucas was chosen to serve as a special grand juror in the Northern District of West Virginia convened by Chief Judge Robert E. Maxwell. The Special Grand Jury met in excess of seventy-five days during a time period beginning in 1991 and ending in 1993.

Lucas is a union employee with Matlack and the terms of his employment are governed by a collective bargaining agreement. Under the terms of the collective bargaining agreement, all union employees, including Lucas, are paid for ten days of jury duty service per year.[1] Pursuant to the terms of the collective bargaining agreement, Lucas received compensation for ten days of jury duty service each year in which he served on the grand jury. Lucas did not receive any compensation from Matlack for any days on which he served as a juror in excess of those ten days per year.

Lucas alleges that Matlack's terminal manager, Leo Boats, made certain statements intending to intimidate Lucas from serving on the Special Grand Jury. Matlack does not deny that the statements were made, but

---

1. The collective bargaining agreement provides that:

> Any employee who has been employed for at least one (1) year and who is required to serve on jury duty on his regularly scheduled work day will receive the difference between eight (8) hours' pay at the applicable straight time hourly wage and actual payment received for jury service for each day of jury duty on which the employee would have been scheduled to work, up to a maximum of ten (10) days.

rather contends that they were simply joking comments made between friends.[2]

On January 7, 1993, Lucas filed a complaint seeking to recover, *inter alia,* the sum of all wages and other benefits lost by reason of his jury services less a set off for the monies paid to Lucas by the United States in attendance fees. The complaint did not include a claim for relief based on the allegedly intimidating or coercive statements made by the terminal manager. On November 1, 1993, this Court entered a memorandum opinion and order granting Matlack summary judgement based on a finding that Matlack had no duty under the Jury Act to pay Lucas full wages during his jury service and that Matlack did not intimidate or coerce Lucas by failing to pay Lucas full wages during his jury service.

On December 8, 1993, this Court allowed Lucas to file an amended complaint stating a claim for relief based on the allegedly intimidating or coercive comments made by the terminal manager.[3]

The parties were provided the opportunity to conduct additional discovery pursuant to the amended complaint. Now before this Court is Matlack's motion for summary judgment under the amended complaint. Lucas and Matlack have attached deposition excerpts and documentary evidence to their briefs supporting the facts alleged therein. No discovery requests are outstanding. In resolving Matlack's motion, this Court will follow the standards established in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) and later cases as set forth in this Court's memorandum opinion and order dated November 1, 1993.

### III. *Discussion*

The Jury Act provides in pertinent part that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service in any court of the United States." 18 U.S.C. § 1875(a). In this case, there are no allegations that the employer discharged or threatened to discharge Lucas by reason of Lucas' jury service. Therefore, the only issue is whether Matlack intimidated or coerced Lucas regarding his jury service.

■ Lucas' amended complaint seeks recovery of compensatory damages, including the loss of wages he suffered. As a preliminary matter, this Court turns to Lucas' claim for recovery of lost wages under the amended complaint. In Lucas' responsive brief to the summary judgment motion, he argues for the first time that Matlack's decision to pay Lucas for ten days of jury service under the "jury service" provision of the collective bargaining agreement was inappropriate. Rather, Lucas contends that Matlack should have adhered to the terms of the "guarantee" provision of the agreement which apparently would have allowed Lucas to make up the lost hours he missed while serving on the jury. Lucas' argument on this contract interpretation issue fails for three reasons. First, this theory of recovery was not pled in the amended complaint. Second, Lucas has not presented any evidence that Matlack's decision to pay Lucas under the "jury service" provision rather than the "guarantee" provision was intimidating or coercive. Finally, this Court has already determined that Matlack's failure to pay Lucas full wages did not constitute intimidation or coercion under the Jury Act. Therefore, to the extent that Lucas seeks recovery of lost wages under the amended complaint, this Court finds that there are no remaining material questions of fact and that Matlack is entitled to judgment in its favor as a matter of law. Thus, the only issue to be resolved is whether Matlack is entitled to summary judgment on Lucas' claim in the amended complaint that he was coerced or intimidated by the plant manager's statements.

■ There is relatively little published case law discussing the precise elements of a plaintiff's claim based on intimidation or coercion under the Jury Act. Therefore, this

---

**2.** A more detailed description of the alleged statements can be found in this Court's Memorandum Opinion and Order dated November 1, 1993.

**3.** The amended complaint also alleged discrimination based on the failure to pay wages.

Court has found it necessary and useful to look for guidance to the interpretations of similar statutes that prohibit employers from harassing employees. In particular, this Court finds that the Supreme Court's recent analysis of harassment claims under Title VII of the Civil Rights Act of 1964 in *Harris v. Forklift Systems, Inc.*, — U.S. —, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) sets forth general principles which would be applicable to an intimidation or coercion claim under the Jury Act.

Under Title VII it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Title VII is violated when "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris*, — U.S. at —, 114 S.Ct. at 370, 126 L.Ed.2d at 301. As the *Harris* Court stated, mere utterance of offensive statements does not sufficiently affect the conditions of employment to implicate the protections found in Title VII. The Court explained that:

> [c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. Likewise, if a victim does not subjectively perceive the environment to be abusive, conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.

*Id.* In other words, to state a claim for harassment under Title VII, a plaintiff must show that the work environment would reasonably be perceived as hostile or abusive and that the plaintiff actually perceived the environment as hostile or abusive. This Court finds that a plaintiff stating a claim under the Jury Act bears a similar burden and must show that the employer's actions could reasonably be interpreted as intimidating and that the employer's actions were

actually perceived by the employee as intimidating.

■ Accordingly, for Lucas to defeat the summary judgment motion, he must present some evidence that the terminal manager's statements would reasonably be perceived as intimidating and also that Lucas actually perceived them as such. In responding to the summary judgment motion, Lucas cannot rely merely upon allegations or denials in the pleadings, but rather Lucas must produce evidence of these material facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Upon reviewing Lucas' response to the summary judgment motion and the materials in support thereof, this Court finds that Lucas has failed to present any evidence that he actually was intimidated or coerced by the terminal manager's statements. During Lucas' deposition, Matlack questioned Lucas extensively on the issue of whether Lucas felt that he had been intimidated or coerced. A majority of the discussion centered on Lucas' complaint that he was not paid full wages while serving on the jury. Lucas stated that, if it were not for the wage issue, he would not have brought this action. Lucas specifically stated that he would never have proceeded in this lawsuit under the theory that Mr. Boats was coercing or intimidating him if he had been paid by Matlack. Lucas further testified that he never told anyone that he felt that he was being intimidated or coerced and that the coercion or harassment issue was not really relevant to the filing of his complaint or amended complaint. Most significantly, Lucas testified repeatedly that he could not state for certain that he felt intimidated by the terminal manager's comments. Rather, Lucas simply stated that he did not know whether he had been intimidated.

Although Lucas asserts in his amended complaint that he was intimidated and coerced by the terminal manager's statements, Lucas failed to testify to that fact when given repeated opportunities to do so. The evidence included in the deposition transcript suggests to this Court that Lucas would be unable to testify at trial that he actually felt intimidated and there is no other

evidence from which a jury could reasonably conclude that Lucas actually felt intimated or coerced by the plant manager's statements.

### IV. *Conclusion*

Under these circumstances, this Court finds that Lucas has failed to produce evidence to substantiate his claim under the Jury Act and that Matlack is entitled to judgment in its favor as a matter of law. Therefore, Matlack's motion for summary judgment on the amended complaint should be and hereby is GRANTED and this civil action is DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.