Grissel **GARCIA GARCIA**, Plaintiff,

v.

**MUNICIPALITY OF MAYAGUEZ;** Jose Guillermo Rodriguez; Efrain de Jesus Rodriguez; Luis Castillo Valentin, and Dennis Arroyo Vargas, Defendants.

Civil No. 00–1079(JAF).

United States District Court, D. Puerto Rico.

Oct. 27, 2000.

### *OPINION AND ORDER*

FUSTE, District Judge.

### I.

Plaintiff, Grissel García García, filed this suit pursuant to the Jury System Improvements Act of 1978 ("JSIA"), 28 U.S.C. §§ 1363, 1863, 1865–66, 1869, 1871, 1875 (1994); 29 L.P.R.A. § 152 (1995); and 31 L.P.R.A. § 5141 (1990) against Defendants, Dennis Arroyo Vargas, Assistant

Field Operations Officer of the Municipal Police of Mayagüez; Luis Castillo Valentín, Field Operations Officer of the Municipal Police; Efraín de Jesús Rodríguez, Police Commissioner José Guillermo Rodríguez, Mayor of Mayagüez; and the Municipality of Mayagüez, alleging constructive termination of her employment.

In 1989, Plaintiff, a secretary, began working for the Municipality of Mayagüez, in Puerto Rico. Approximately four years later, Plaintiff became a permanent employee, and in 1995, she was assigned to the police department.

In 1999, Plaintiff served as a juror in federal court for nineteen days. Plaintiff claims that after her service ended, she returned to a hostile work environment in which most of her duties had been reassigned to others. Plaintiff asserts that she was constructively discharged from her employment in retaliation for her jury service.

Four Defendants, Arroyo Vargas, Castillo Valentín, de Jesús Rodríguez, and Guillermo Rodríguez, in their personal capacity, move to dismiss the case against them on the grounds that they are not Plaintiff's "employer" and, therefore, may not be held liable under 28 U.S.C. § 1875.[1] The fifth defendant, the Municipality of Mayagüez, does not join the motion.

## II.

Under Rule 12(b)(6), a defendant may move to dismiss an action against him based solely on the pleadings for "failure to state a claim upon which relief can be granted...." FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993).

The issue before us turns on the definition of "employer" within the JSIA. The JSIA lacks a definition of "employer." *See* 28 U.S.C. § 1869. There is no case law defining the term for purposes of this statute. Consequently, we turn to other federal remedial statutes for guidance.

We find that comparable statutes define "employer" liberally. *See, e.g.,* Fair Labor Standards Act of 1938, 29 U.S.C. § 203(d) (1994 & Supp. I 2000) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency."); Age Discrimination in Employment Act, 29 U.S.C. § 630(b) (1994) ("The term 'employer' means a person engaged in an industry affecting commerce who has ... employees .... The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State."); Americans with Disabilities Act, 42 U.S.C. § 12111 (1994) ("The term 'employer' means a person engaged in an industry affecting commerce who has ... employees ... and any agent of such a person.").

Therefore, for purposes of the JSIA, we construe the term "employer" to include supervisors and other agents of an organization. We find that a supervisor may be held liable pursuant to the JSIA for retaliating against an employee for performing her civic duty of jury service.

Our interpretation is consistent with the legislative history of the statute. Its purposes are "to improve the conditions of service for jurors" and to "redress[ ] the present disparity of bargaining position between a harassing employer and his employee who is summoned for jury duty in federal court." H.R. REP. No. 95–1652, at 4, 7 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5477, 5477, 5480. By construing the term

---

**1.** Section 1875(a) of Title 28 of the United States Code provides: "No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States."

"employer" to include supervisors, we improve the conditions of jury service and correct the disparity of power between supervisor and employee.

In accordance with the foregoing, we **DENY** Defendants' motion to dismiss.

**IT IS SO ORDERED.**