**Carlos Javier ORTIZ–SKERRETT, Plaintiff**

v.

**REY ENTERPRISES, INC., et. als., Defendant.**

**Civ. No. 09–1442(PG).**

United States District Court, D. Puerto Rico.

Feb. 25, 2010.

Angel A. Valencia–Aponte, San Juan, PR, for Plaintiff.

Raul S. Mariani–Franco, Mariani Franco Law Office, San Juan, PR, for Defendant.

### *OPINION AND ORDER*

JUAN M. PEREZ–GIMENEZ, District Judge.

Pending before the Court is defendants' motion to dismiss (Docket No. 12). For the reasons set forth below, the Court **DENIES** their request.

### I. BACKGROUND

On May 18, 2009, plaintiff Carlos Javier Ortiz–Skerrett ("Ortiz" or "Plaintiff") filed the above-captioned claim against defendants Rey Enterprises, Inc. ("Rey Enterprises" or "the Company") and individual defendants Reinaldo Torres–Rivera, Reinaldo Torres–Ortiz, and Nilda Ortiz for alleged violations of the Jury System Im-

provements Act of 1978, 28 U.S.C. § 1875 ("the Jury Act"). Plaintiff also included supplemental state law claims based upon Puerto Rico's wrongful termination, discrimination and general negligence statutes. See Law No. 80 of May 30, 1976 ("P.R. Law No. 80"), P.R. Laws Ann. tit. 29, §§ 185a–185k (wrongful discharge); Puerto Rico Law No. 100 of June 30, 1959 ("P.R. Law No. 100"), P.R. Laws Ann. tit. 29, § 146 *et seq.* (discrimination); Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 (general torts).

In the complaint, Plaintiff claims that at the time of the events alleged therein, he was an employee of Rey Enterprises, a corporation engaged in the sale and servicing of vacuum cleaners and accessories, where he worked as a manager, salesperson and repairperson. According to Plaintiff, the individual defendants were the owners, managers, supervisors and operators of the Company. Ortiz alleges that on or about June 14, 2008, he was summoned to serve as a juror in the United States District Court of Puerto Rico. Plaintiff claims that after notifying the defendants of the aforementioned, they interrogated Plaintiff as to whether he had volunteered for jury service, discouraged him from participating as a juror, disparaged jury duty, and warned Plaintiff that if selected for jury duty, defendants would not continue paying his salary and would eventually terminate him from his employment. *See* Docket No. 1, ¶¶ 11–12, According to Plaintiff, he fell ill after appearing for jury duty on June 19, 2008 and was hospitalized. However, upon returning to work on June 27, 2008, he was immediately dismissed from his job and offered a liquidation package. *See* Docket No. 1, ¶ 14–16. Plaintiff now sustains that defendant's acts violated the Jury Act, as well as other local statutes.

As opposed to answering the complaint, the defendants filed the present motion to dismiss (Docket No. 12) requesting the dismissal of Plaintiff's claims. Also before the Court is Plaintiff's opposition (Docket No. 18).

## II. STANDARD OF REVIEW

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. . . . This short and plain statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Gargano v. Liberty Intern. Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted).

Motions to dismiss brought under Fed. R.Civ.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. *See Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir.2009) (citing *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998)).

Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." *Maldonado v. Fontanes*, 568 F.3d 263, 266 (1st Cir.2009) (citing *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct.

1937, 1960, 173 L.Ed.2d 868 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, ..., a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations and quotation marks omitted).

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has ... held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir.2007) (*citing Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ..., on the assumption that all the allegations in the complaint are true (even if doubtful in fact)...." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

### III. DISCUSSION

#### A. Jury Systems Improvement Act Claim

Jury service is an important federal function, but because some employers are hostile to the idea of their employees serving as jurors and threaten, harass or even discharge those who accept jury duty, Congress enacted the Jury System Improvements Act of 1978, 28 U.S.C. § 1875 (1982). *See Shea v. Rockland County*, 810 F.2d 27, 27–28 (2d Cir.1987). The Jury Act provides protection in their employment to those called to provide jury service in federal courts against the discharge or threatened discharge of an employee by reason of such person's federal jury service. *See Madison v. District of Columbia*, 593 F.Supp.2d 278, 285 (D.D.C.2009). Specifically, 28 U.S.C. § 1875(a) provides that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." The law provides for monetary and injunctive relief and the imposition of a civil penalty, *see* 28 U.S.C. § 1875(b), as well as payment of attorney fees and expenses, *see* 28 U.S.C. § 1875(d)(2), in the event the affected employee prevails in his claim. In essence, the statute provides a remedy to employees against employer retaliation and retaliatory discharges.

There is relatively little published case law discussing the elements of a plaintiff's claim brought pursuant to the Jury Act, and consequently, courts have found it necessary and useful to look for guidance in the interpretations of similar statutes, particularly Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). *See Lucas v. Matlack, Inc.*, 851 F.Supp. 231, 233–234 (N.D.W.Va.1994) (intimidation in violation of Jury Act); *see also Shaffer v. ACS Government Services, Inc.*, 454 F.Supp.2d 330 (D.Md.2006) (retaliatory discharge); *Colon–Muriel v. Asociation de Suscripcion Conjunta*, 499 F.Supp.2d 98 (D.P.R.2007) (retaliation).

■ In a case where a plaintiff alleges intimidation and coercion under the Jury Act, courts have turned to the Supreme Court's analysis of harassment claims under Title VII. *See Lucas*, 851 F.Supp. at 234. For example, in Lucas, the court found that much like in Title VII actions, the Jury Act is violated when "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). The Lucas court thus found that a plaintiff stating a claim under the Jury Act must show that the employer's actions could reasonably be interpreted as intimidating and were actually perceived by the employee as such. *Id.*

In their motion to dismiss, the defendants contend that Plaintiff has pleaded insufficient facts to support a claim for relief under the Jury Act to the extent "plaintiff has failed to allege nothing more than two separate brief commentaries." *See* Docket No. 12 at page 4. The Plaintiff pleads that after notifying his employer and supervisors of his summons for jury service, defendant Torres Rivera interrogated Plaintiff over the phone and asked whether he had volunteered to serve as a juror, informed Plaintiff that jury duty was not for him because jury duty was "for persons that did not work and stayed home drinking beer and waiting for a paycheck", and apprised and warned Plaintiff that if he was selected for jury duty, defendant Rey Enterprises would not continue paying his salary and would terminate him from employment. *See* Docket No. 1, ¶ 12. After appearing for jury duty on June 19, 2008, Plaintiff alleges he fell ill and was hospitalized. Ortiz alleges that when his wife called his defendants to notify them of his hospitalization, she was also interrogated as to whether he was selected for jury duty or not. *See* Docket No. 1, ¶ 15.

After reviewing the complaint pursuant to the applicable standard, we disagree with the defendants and thus deny their request to dismiss Plaintiff's intimidation claim at this stage of the proceedings. Accepting as true the well-pleaded factual allegations and drawing all reasonable inferences therefrom in the plaintiff's favor, this Court finds that the complaint, so read, limns facts sufficient to justify recovery under the theory that Plaintiff was intimidated by the defendants in violation of 28 U.S.C. § 1875(a).

■ Moving on to Plaintiff's claim of illegal termination, where the plaintiff has alleged a retaliatory discharge and no direct evidence of reprisal has been submitted, courts have applied the familiar *McDonnell Douglas* burden-shifting analysis. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see also Shaffer*, 454 F.Supp.2d at 335; *Colon–Muriel*, 499 F.Supp.2d at 104. "Hence, plaintiff must make a prima facie showing of retaliation by presenting evidence that: (1)[he] engaged in protected conduct, (2)[he] was thereafter subjected to an adverse employment action, and (3) a causal connection existed between the protected conduct and the adverse action." *Id.* (Internal citations and quotation marks omitted).

"For purposes of the motion before us, we shall assume that jury service qualifies as protected conduct." *Colon–Muriel*, 499 F.Supp.2d at 105. As to the adverse employment action requirement, the First Circuit has held that "[t]o be adverse, an action must materially change the conditions of plaintiffs' employ." *Gu v. Boston Police Dept.*, 312 F.3d 6, 14 (1st Cir.2002). "Material changes include 'demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative

job evaluations, and toleration of harassment by other employees.'" *Id.* (*citing Hernandez–Torres v. Intercontinental Trading, Inc.,* 158 F.3d 43, 47 (1st Cir. 1998)). Plaintiff alleges in his complaint that he was terminated from his employment, thus, the second requirement is satisfied.

As to the third and final prong, the First Circuit has held that a showing of an adverse employment action soon after the employee engages in a protected activity is indirect proof of a causal connection between the adverse act and the activity because it is strongly suggestive of retaliation. *See Calero–Cerezo v. U.S. Dept. of Justice,* 355 F.3d 6, 25 (1st Cir.2004). "Three and four month periods have been held insufficient to establish a causal connection based on temporal proximity." *Id.*

In the complaint, Plaintiff alleges he notified defendants on June 16, 2008 of the summons he received, appeared for jury duty on June 19, 2008, and was terminated shortly thereafter on June 27, 2008. *See* Docket No. 1, ¶¶ 11, 13, 16. Accordingly, he was terminated within days of appearing for jury duty. Therefore, there can be no real dispute about the close temporal proximity of Ortiz's jury service and his termination. Examining the facts in the light most favorable to the Plaintiff, this Court finds that Plaintiff has sufficiently established the elements of a prima facie case of retaliatory discharge.

Finally, the defendants contend that the wording of the Jury Act precludes claims against the individual defendants, and thus, the claims against them should be dismissed. *See* Docket No. 12 at pages 6–7. The Plaintiff opposed this request arguing that this particular issue was already settled in his favor in *Garcia Garcia v. Municipality of Mayaguez,* 118 F.Supp.2d 153, 154–155 (D.P.R.2000), wherein this Court held that for purposes of the Jury Act, term "employer" includes supervisors and other agents of an organization. *See Garcia Garcia,* 118 F.Supp.2d at 155 ("We find that a supervisor may be held liable pursuant to the [Jury System Improvements Act] for retaliating against an employee for performing her civic duty of jury service.") We agree with the Plaintiff, and thus, the defendants' request to dismiss the claims against the individual defendants is also **DENIED.**

**B. Supplemental Claims**

A federal court exercising original jurisdiction over federal claims also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367(a); *see also Camelio v. American Federation,* 137 F.3d 666, 672 (1st Cir. 1998). "Certainly, if the federal claims are dismissed before trial, . . . , the state claims should be dismissed as well." *Id.* Having denied the defendants' request for dismissal of Plaintiff's federal claims, the Court will exercise supplemental jurisdiction over the state law claims.

**IV. CONCLUSION**

For the reasons stated above, defendants' request for dismissal (Docket No. 12) is hereby **DENIED.**

**IT IS SO ORDERED.**