**Michael F. BRANCHE, Plaintiff,**

v.

**AIRTRAN AIRWAYS, INC., Defendant.**

**No. 8:01–cv–1747–T–30MSS.**

United States District Court,
M.D. Florida,
Tampa Division.

April 19, 2004.

Craig L. Berman, Berman Law Firm, P.A., Bradley A. Tobin, Bradley A. Tobin, P.A., St. Petersburg, FL, for Michael F. Branche, plaintiff.

R. Paul Roecker, Greenberg Traurig, P.A., Orlando, FL, for Airtran Airways, Inc., a foreign corporation, defendant.

## ORDER

MOODY, District Judge.

THIS CAUSE comes before this Court upon Plaintiff's Motion for Leave to Seek Punitive Damages Under the Florida Whistleblower Act and Memorandum in Support (Dkt.# 45) and Defendant's response (Dkt.# 48) thereto. After close consideration, this Court concludes that the motion should be denied.

## BACKGROUND

This is an action brought under the Florida Whistleblower Act, Fla. Stat. § 448.102, *et seq.* (the "FWA"). This Court has diversity jurisdiction over the parties. Plaintiff alleges that Defendant terminated him because he engaged in protected activity. This Court previously granted summary judgment, which was reversed and remanded by the Eleventh Circuit. *See Branche v. Airtran Airways, Inc.,* 342 F.3d 1248 (11th Cir.2003).

## DISCUSSION

This Court concludes that punitive damages are not available under the FWA. Florida Statutes Section 448.103(2) details the remedies available to an employee who has been the object of a retaliatory personnel action. Fla. Stat. § 448.103(2). Section 448.103(2) states that:

> [i]n any action brought pursuant to subsection (1), the court may order relief as follows: (a) An injunction restraining continued violation of this act [the FWA]; (b) Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position; (c) Reinstatement of full fringe benefits, and other remuneration; (d) Compensation for lost wages, benefits, and other remuneration; and

> (e) Any other compensatory damages allowable at law.

*Id.* (emphasis added).

■ In this case, this Court's subject matter jurisdiction over this dispute is based upon the complete diversity of citizenship between the parties, 28 U.S.C. § 1332, and this case arises under Florida law. In diversity cases arising under Florida law, a federal court is bound by the law articulated by the Florida Supreme Court. *See Shapiro v. Associated Int'l Ins. Co.,* 899 F.2d 1116, 1118 (11th Cir.1990). If the Florida Supreme Court has not spoken on an issue, Florida District Court of Appeals decisions control absent persuasive indication that the Florida Supreme Court would rule otherwise. *See Blanchard v. State Farm Mut. Auto. Ins. Co.,* 903 F.2d 1398, 1399 (11th Cir.1990).

■ No court has yet construed the availability of punitive damages under Section 448.103(2). Therefore, this Court must construe Section 448.103(2) in the manner that a Florida state court would. Under Florida law, the purpose of construing a statute is to give effect to legislative intent. *See Bautista v. State,* 863 So.2d 1180, 1185 (Fla.2003). Florida courts begin statutory construction by looking to the actual language used. *See id.* If, and only if, the actual language is unclear, do Florida courts explore the legislative history or use rules of statutory construction to determine the legislature's intent in enacting a statute. *See id.; Joshua v. City of Gainesville,* 768 So.2d 432, 435 (Fla.2000).

Despite the list of remedies contained in Section 448.103(2), Plaintiff argues that punitive damages are available because Section 448.103(2) does not explicitly preclude punitive damages as a remedy. In other words, Plaintiff argues that Section 448.103(2) is ambiguous and the rules of statutory construction support the availability of punitive damages as a remedy for FWA violations.

Turning to the rules of statutory construction, Plaintiff first argues that because the FWA is remedial in nature it should be broadly construed to allow for punitive damages as a remedy. Also, Plaintiffs rely on the Florida Supreme Court's characterization of whistleblower statutes as being "tortious in nature" as justifying the availability of punitive damages. Finally, Plaintiffs cite to the savings clause contained in Florida Statutes Section 448.105[1] of the FWA and Florida Statutes Section 768.72 as creating a substantive right for a FWA plaintiff to recover punitive damages. Defendant opposes each argument.

■ This Court concludes that the plain and unambiguous language of Florida Statutes Section 448.103(2) precludes an award of punitive damages for a violation of the FWA. The unambiguous language of Section 448.103(2) states that a court may order *only* certain types of relief. The remaining portions of the section contain categories of relief available and subparagraph (e) states that "[a]ny compensatory damages allowable at law" are available as a remedy. Fla. Stat. § 448.103(2)(e). Use of the word "compensatory" in Section 448.103(2)(e) clearly indicates that punitive damages and other forms of non-compensatory damages are unavailable to correct FWA violations.

This Court rejects Plaintiff's argument that the savings clause in Florida Statutes Section 448.105 in tandem with Section 768.72 creates a right to punitive damages. First, Florida Statutes Section 768.72 does not create a substantive right to punitive damages for any cause of action. Instead, Section 768.72 places additional procedural and evidentiary limitations on claims for punitive damages. *See, e.g., Globe Newspaper Co. v. King*, 658 So.2d 518, 519 (Fla.1995) (reading "section 768.72 to create a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages."). Second, this Court does not read the savings clause in Florida Statutes Section 448.105 to allow for additional remedies not provided for under Section 448.103(2). Instead, this Court construes that section as not limiting the remedies available for other causes of action that frequently arise in similar factual scenarios as FWA claims, such as Title VII or Florida Civil Rights Act retaliation claims or claims under the many other whistleblower statutes that exist under Florida law.

■ Even if this Court concluded that Section 448.103(2) was ambiguous, this Court would reach the same result if it utilized the cannons and rules of statutory construction. In *Irven v. Dep't of Health and Rehabilitative Services*, the Florida Supreme Court considered a statutory interpretation issue concerning the Florida Public Employee Whistle–Blower's Act. 790 So.2d 403 (Fla.2001). The issue before the court in that case was whether the acts listed as protected within the Act should be given a liberal or strict construction.[2]

1. Section 448.105 states that "[t]his act does not diminish the rights, privileges, or remedies of an employee or employer under any other law or rule or under any collective bargaining agreement or employment contract." Fla. Stat. § 448.105.

2. Florida courts generally construe a statute strictly when that statute is in the derogation of the common law. *See Ady v. American*

*Honda Finance Corp.*, 675 So.2d 577, 581 (Fla.1996). However, retaliatory discharge statutes have been repeatedly termed remedial in nature. *See Martin County v. Edenfield*, 609 So.2d 27, 29 (Fla.1992); *Dahl v. Eckerd Family Youth Alternatives, Inc.*, 843 So.2d 956 (Fla. 2d DCA 2003); *Hutchison v. Prudential Ins. Co.*, 645 So.2d 1047, 1049 (Fla. 3d DCA 1994). Such statutes are normally

*See id.* at 405–06. The court held that the statute should be liberally construed to give full effect to the legislation. *See id.* at 406. In reaching its conclusion, the Florida Supreme Court stated, however, that " '[o]n the other hand, it should not be extended to create rights of action not within the intent of the lawmakers as reflected by the language employed when aided, if necessary, by any applicable rules of statutory construction.' " *Id.* (quoting *Stokes v. Liberty Mut. Ins. Co.,* 213 So.2d 695, 697 (Fla.1968)).

■ The FWA is a statutory cause of action. While Plaintiff's are correct that it is in the nature of a tort, a cause of action does not exist for the tort of retaliatory discharge under Florida's common law. *See Arrow Air, Inc. v. Walsh,* 645 So.2d 422, 424 (Fla.1994); *Scott v. Otis Elevator Co.,* 572 So.2d 902, 903 (Fla.1990); *Smith v. Piezo Technology & Professional Admrs.,* 427 So.2d 182, 184 (Fla.1983). In creating this new cause of action, the legislature was free to determine what remedies would be available for its violation. *See, e.g., Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 255, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984); *Florida E. Coast Ry. Co. v. McRoberts,* 111 Fla. 278, 149 So. 631, 635–36 (1933) (concluding that the legislature could negate the availability of punitive damages under the statutory cause of action for wrongful death). The legislature chose not to provide for punitive and non-compensatory damages in enacting Section 448.103(2) and this Court cannot judicially extend the remedies available beyond what the legislature has chosen.

Moreover, this Court's conclusion is reinforced by and consistent with the conclusions reached by numerous Florida state and federal courts on the remedies available in other similar statutorily created employment causes of action. *See, e.g., Mitchell v. Consolidated Freightways Corp.,* 747 F.Supp. 1446, 1448–49 (M.D.Fla. 1990) (concluding punitive damages were not available under Fla. Stat. § 61.1301); *Warner v. Coca Cola Co.,* case no. 86–873, 1988 WL 72622 (M.D.Fla. Jan.25, 1988) (discussing remedies available under Florida Human Rights Act); *Gutierrez v. CSMC of Coconut Grove, Inc.,* case no. 86–2602, 1987 WL 12807, at * 1–2 (S.D.Fla. Mar.5, 1987) (same); *Bennett v. Southern Marine Mgmt. Co.,* 531 F.Supp. 115, 116–17 (M.D.Fla.1982) (concluding punitive damages unavailable under Florida Human Rights Act); *Florida Public Util. Co. v. Large,* 493 So.2d 491, 493 (Fla. 4th DCA 1986) (concluding that non-compensatory damages were not available under Florida Human Rights Act).

While not raised by the Plaintiff, this Court is aware that the Florida Supreme Court in *Scott* intimated that punitive damages may be available in a retaliatory discharge action under Florida Statutes Section 440.205.[3] *Scott v. Otis Elevator Co.,* 524 So.2d 642, 643 (Fla.1988). However, *Scott* involved a different statutory construction issue than that in Section 448.103, because the legislature was silent in Section 440.205 on what remedies were available. In such circumstances, it is consistent with the legislature's intent to look at the nature of the action and imply the traditional remedies available for such an action. However, when the legislature ex-

---

broadly construed. *See Martin County,* 609 So.2d at 29.

**3.** Section 440.205 creates a cause of action for retaliatory discharge if an employer fires or threatens to fire an employee for that em-

ployee filing or attempting to file a valid worker's compensation claim. Fla. Stat. § 440.205. In creating that statutory cause of action, the legislature was silent on the remedies recoverable for violations of the section. *See id.*

plicitly determines what remedies are available, this Court must give the legislature's plain, unambiguous choice full force and effect.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Seek Punitive Damages Under the Florida Whistleblower Act and Memorandum in Support (Dkt.# 45) is **DENIED.**