Robert HANNA, Plaintiff,

v.

WCI COMMUNITIES, INC., et al. Defendants.

Nos. 04–80595–CIV–HURLEY, 04–80595–CIV–LYNCH.

United States District Court, S.D. Florida.

Dec. 2, 2004.

James Wallace Beasley, Jr., Patricia Anne Leonard, Robyn Sue Hankins, Beasley & Hauser, West Palm Beach, FL, for Plaintiff.

Joseph Ianno, Jr., Carlton Fields Ward Emmanuel Smith & Cutler, for Defendants.

## ORDER GRANTING–IN–PART AND DENYING–IN–PART DEFENDANTS' MOTION TO STRIKE

HURLEY, District Judge.

**THIS CAUSE** comes before the court upon a motion by the defendants to strike: 1) Plaintiff Robert Hanna's demands for punitive damages in Counts I and II of his complaint; 2) Mr. Hanna's demand for damages for injury to reputation in Count

I; and 3) Mr. Hanna's demand for a jury trial.

### 1. Plaintiff's Demands for Punitive Damages

█ Mr. Hanna's complaint seeks punitive damages for both his Sarbanes–Oxley Act whistle-blower claim (Count I) and for his Florida Whistleblower Act claim (Count II). Mr. Hanna's response concedes that punitive damages are unavailable under the Sarbanes–Oxley Act, Pl's Resp. at 2. Thus, Mr. Hanna's request for punitive damages is stricken as to Count I of his complaint.

█ Defendants also contend that punitive damages are unavailable under the Florida Whistleblower Act ("FWA"). Both sides concede that *Branche v. Airtran Airways, Inc.,* 314 F.Supp.2d 1194 (M.D.Fla.2004) is the only reported decision that directly addresses this question. In that case, the court explicitly held that "punitive damages are not available under the FWA." *Id.* at 1195. In *Branche,* the court reasoned that the FWA's plain language only lists "compensatory" damages and that the "use of the word 'compensatory' in Section 448.103(2)(e) clearly indicates that punitive damages and other forms of non-compensatory damages are unavailable to correct FWA violations." *Id.* at 1196.

The court agrees with the logic expressed in *Branche* and holds that punitive damages are not available under the Florida Whistleblower Act. The court, however, recognizes that this is an issue "the Florida Courts have yet to address" that is "entirely controlled by Florida law." *See Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins., Co.,* 383 F.3d 1273, 1279 (11th Cir.2004). As such, this might ultimately be an issue that is appropriate for certification by the Eleventh Circuit Court of Appeals to the Florida Supreme Court. Nonetheless, since this court does not have

the authority to certify questions to the Florida Supreme Court (*See* Fla. R.App. P. 9.150(a)), the court agrees with the logic expressed in the *Branche* decision and holds that punitive damages are not available under the Florida Whistleblower Act. Thus, Mr. Hanna's request for punitive damages is stricken as to Count II of his complaint.

### 2. Plaintiff's Demands for Damages for Injury to Reputation under the Sarbanes–Oxley Act

The Sarbanes Oxley Act does not specifically mention whether a plaintiff may demand damages for loss of reputation under the Act. *See* 18 U.S.C. § 1514A(c). The Act simply states that "an employee prevailing in any action under subsection (b)(1) shall be entitled to all relief necessary to make the employee whole." 18 U.S.C. § 1514A(c)(1). While the Act enumerates certain types of compensatory damages, (i.e. back pay, litigations costs, expert witness fees, and attorney fees) it is silent as to other types of compensatory damages. *See* 18 U.S.C. § 1514A(c). The parties concede that Mr. Hanna's entitlement to receive reputation damages under the Sarbanes–Oxley Act is an issue of first impression.

The text of the Sarbanes–Oxley Act provides for the following remedies:

(1) In general.—An employee prevailing in any action under subsection (b)(1) shall be entitled to all relief necessary to make the employee whole.

(2) Compensatory damages. Relief for any action under paragraph (1) shall include—

(A) reinstatement with the same seniority status that the employee would have had, but for the discrimination;

(B) the amount of back pay, with interest; and

(C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees.

18 U.S.C. § 1514A(c).

The remedies section of the Title VII statutory framework provides an analogous employment statute with which to analyze the remedies available under the Sarbanes–Oxley Act. In the Title VII context, prior to the 1991 amendments codified at 42 U.S.C. § 1981(a), courts had held that "nothing in this remedial scheme purports to recompense a Title VII plaintiff for any of the other traditional harms associated with personal injury, such as pain and suffering, emotional distress, *harm to reputation*, or other consequential damages ..." *United States v. Burke,* 504 U.S. 229, 239, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) (emphasis added). Prior to the passage of 42 U.S.C. § 1981(a), the remedies section of Title VII only provided for the same remedies listed in the Sarbanes–Oxley Act under 18 U.S.C. § 1514A(c)(2). *See Burke* 504 U.S. at 239, 112 S.Ct. 1867.

After the 1991 amendments, however, the Title VII statute specifically provided for "compensatory damages under this section for ... other non-pecuniary losses." 42 U.S.C § 1981a(b)(3). Though 42 U.S.C. § 1981a(b)(3) never specifically mentions "reputation damages," courts have held that "injury to character and reputation ... [are] non-pecuniary losses compensable under the 1991 Act." *Williams v. Pharmacia, Inc.,* 137 F.3d 944, 953 (7th Cir.1998).

■ Thus, the court must decide whether the Sarbanes–Oxley Act's language stating that "[a]n employee prevailing in any action under subsection (b)(1) shall be entitled *to all relief necessary to make the employee whole* " should be read to include damages for loss of reputation. 18 U.S.C. § 1514A(c)(1) (emphasis added).

As the Seventh Circuit Court of Appeals has noted in the Title VII context, "[w]hen reputational injury caused by an employer's unlawful discrimination diminishes a plaintiff's future earnings capacity, *[he] cannot be made whole* without compensation for the lost future earnings [he] would have received absent the employer's unlawful activity." *Williams v. Pharmacia, Inc.,* 137 F.3d 944, 953 (7th Cir.1998) (emphasis added). Therefore, employing the logic expressed in *Williams* to Mr. Hanna's whistle-blower claim, the court holds that a successful Sarbanes–Oxley Act plaintiff cannot be made whole without being compensated for damages for reputational injury that diminished plaintiff's future earning capacity. Accordingly, the court denies the defendants' request to strike plaintiff's demand for damages to Mr. Hanna's reputation.

### 3.  *Plaintiff's Demand for a Jury Trial*

■ Unlike Title VII, the Sarbanes–Oxley Act is silent as to whether a plaintiff may demand a jury trial. (*Compare* 42 U.S.C. § 1981a *with* 18 U.S.C. § 1514A). Again, both parties concede that this is also an issue of first impression. Rather than address the issue at this time, the court will deny the defendants' motion to strike a jury trial in this case without prejudice to bring this motion again if all of the parties' case-dispositive motions have been denied prior to trial. At that time, the court might have the benefit of guidance from other courts that have considered the availability of jury trials under the Sarbanes–Oxley Act.

### CONCLUSION

Accordingly, for the reasons stated above, it is hereby **ORDERED** and **ADJUDGED** as follows:

1) Defendants' motion to strike [DE # 22] is **GRANTED–IN–PART** and **DENIED–IN–PART**.

2) Defendants' motion to strike plaintiff's demands for punitive damages is **GRANTED**. Plaintiff's demands for punitive damages are hereby **STRICKEN**.

3) Defendants' motion to strike plaintiff's demand for reputational damages is **DENIED**.

4) Defendants' motion to strike plaintiff's demand for a jury trial is **DENIED WITHOUT PREJUDICE** for later re-filing if this case has not been resolved by the filing of dispositive motions.