Nell WALTON, Plaintiff,

v.

NOVA INFORMATION SYSTEMS,
a Division of U.S. Bancorp,
Defendant.

No. 3:06–CV–292.

United States District Court,
E.D. Tennessee,
at Knoxville.

Aug. 14, 2007.

Stephani L. Ayers, Thad M. Guyer, T.M. Guyer and Ayers & Friends, PC, Medford, OR, for Plaintiff.

Eric A. Savage, Littler Mendelson, P.C., Newark, NJ, for Defendant.

## MEMORANDUM AND ORDER

THOMAS A. VARLAN, District Judge.

This matter is before the Court in consideration of Defendants' NOVA Information Systems, Inc. and U.S. Bancorp ("Defendants") motion to strike. [Doc. 14]. Defendants move this Court to strike Plaintiff Nell Walton's ("Plaintiff") jury demand as relates to her claim for retaliation under Section 806 of the Sarbanes–Oxley Act; and to strike her claims for "damages to her career and reputation," "severe emotional, mental and physical distress and anxiety," and demand for punitive damages, all of which are also based on her Section 806 claim. [Doc. 12]. Plaintiff has filed a response in opposition [Doc. 16] to the Defendants' motion to strike and Defendants have filed a reply in response. [Doc. 17].

In March 2003, Plaintiff was hired as a Production Database Administrator for Defendants in Knoxville, Tennessee. [Doc. 12]. In the fall of 2004, Plaintiff voiced her concerns pertaining to Defendants' failure to comply with statutory and regulatory requirements mandated by state and federal laws. She alleges that in retaliation for raising these concerns, Defendants refused to give her unpaid medical leave, reasonable accommodations for her medical condition, and terminated her employment. [Doc. 12]. On July 28, 2007, Plaintiff filed this suit against Defendants, pursuant to the employee protection provisions of the Sarbanes–Oxley Act, 18 U.S.C. § 1514A, the Americans with Disabilities Act, and the Family Medical Leave Act. Plaintiff alleges a retaliation claim in violation of Section 806 of the Sarbanes–Oxley Act, a discrimination and retaliation claim under the Americans with Disabilities Act, a deprivation of rights and retaliation claim under the Family Medical Leave Act, and a state law claim of wrongful discharge. [Doc. 12]. As a result of the alleged Section 806 violations of the Sar-

banes–Oxley Act, Plaintiff claims she is entitled to economic and non-economic damages as well as punitive damages. [Id.]. Plaintiff further demands a trial by jury for all of her claims, including the Section 806 claim. [Id.]

Defendants have moved for an order striking Plaintiff's demand for a jury trial as it relates to her Sarbanes–Oxley retaliation claim, and for an order striking Plaintiff's claims for "damage to her career and reputation," "emotional, mental and physical distress and anxiety, and/or punitive damages," all of which are also based on her Section 806 claim. [Doc. 14]. Defendants argue that Section 806 of the Sarbanes–Oxley Act does not provide for a jury trial and only permits the recovery of equitable damages. [Id.]. In response, Plaintiff argues she is entitled to a jury trial because: (1) the remedies set forth in Section 806 are primarily legal and equitable only as to reinstatement and also the language of the Sarbanes–Oxley Act authorizes the court to "order such affirmative action as may be appropriate;" (2) the phrase, "an action at law or equity" evidences Congress's silent intent to permit plaintiff's right to a jury trial; and (3) the similarities between 18th-Century tort and breach of contract actions and the Sarbanes–Oxley Act, passed in 2002, confirms Plaintiff's right to a jury trial under the Seventh Amendment. [Doc. 16].

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to strike from any pleading any claim that is redundant, immaterial, impertinent or scandalous. Courts possess considerable discretion in disposing of a motion to strike under Rule 12(f). *See Seay v. Tennessee Valley Authority,* 339 F.3d 454, 480 (6th Cir.2003) (stating that the court will review the decision to grant or deny a motion to strike for an abuse of discretion and a

court's decision on such a motion will only be overturned if unreasonable).

In regards to a plaintiff's right to a trial by jury, Rule 38 of the Federal Rules of Civil Procedure preserves that right "as declared by the Seventh Amendment ... or as given by a statute of the United States." *Fed.R.Civ.P. 38.* Additionally, the "right to a trial by jury encompasses all actions in which legal rights are to be determined, as opposed to those in which only equitable rights and remedies are involved." *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 422 (5th Cir.1998). Accordingly, Plaintiff's right to a trial by jury on her Sarbanes–Oxley claim must derive from either the Sarbanes–Oxley Act itself or the Seventh Amendment.

As to whether Plaintiff is statutorily entitled to a trial by jury under the provisions of the Sarbanes–Oxley Act, the remedies provision of Section 806 states that:

(c) Remedies

(1) In General—An employee prevailing in any action under subsection (b)(1) shall be entitled to all relief necessary to make the employee whole.

(2) Compensatory Damages—Relief for any action under paragraph (1) shall include—

(A) reinstatement with the same seniority status that the employee would have had, but for the discrimination;

(B) the amount of back pay, with interest; and

(C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorneys fees.

18 U.S.C. § 1514(c). This language contains no express wording of any legal remedies.[1] *See 18 U.S.C. § 1514A.* Therefore, the Court will look to whether the Sarbanes–Oxley Act permits recovery of legal remedies for violations of this Act, remedies which would entitle Plaintiff to a jury trial.

Plaintiff argues that her request for back pay and "special damages" encompass legal remedies entitling her to a trial by jury. Plaintiff also argues that the phrase "action at law" in the enforcement provision of 18 U.S.C. § 1514(b)(1)(B) indicates that Congress intended for jury trials to be available for Section 806 claims. In response, Defendant asserts that back pay in this case is restitutionary in nature and is therefore an equitable remedy, that the phrase "special damages" does not necessarily imply either a legal or an equitable relief, and that Congress did not intend the phrase "action at law" to mean jury trials are available for Section 806 claims.

■ Plaintiff first argues that her claim for back pay damages is not an equitable remedy but a legal remedy entitling her to a jury trial. Generally, damages are characterized as equitable where they are res-

---

1. The Court notes that there is very little jurisprudence concerning whether the Sarbanes–Oxley Act grants a right to a jury trial, and the limited jurisprudence that does exist is split on the issue. *See Murray v. TXU Corp.,* No. 3:03–CV–0888–P, 2005 WL 1356444, 2005 U.S. Dist. LEXIS 10945 (N.D.Tex. June 7, 2005) (holding that the Sarbanes–Oxley Act does not allow a right to a jury trial); *Hanna v. WCI Cmtys., Inc.,* 348 F.Supp.2d 1332, 1334 (S.D.Fla.2004) ("Rather than address the issue at this time, the court will deny the defendants' motion to strike a jury trial in this

case without prejudice to bring this motion again if all of the parties' case-dispositive motions have been denied prior to trial. At that time, the court might have the benefit of guidance from other courts that have considered the availability of jury trials under the Sarbanes–Oxley Act."); *but see Mahony v. KeySpan Corp.,* No. 04 CV 554 SJ, 2007 WL 805813 (E.D.N.Y. Mar. 12, 2007) (allowing a claim for damages to plaintiff's reputation under the Sarbanes–Oxley Act and reserving certain issues under the plaintiff's Sarbanes–Oxley Act claims for a jury's consideration).

titutionary or where they are incidental to or intertwined with injunctive relief. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 570, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990); *Harris v. Richards Manuf. Co., Inc.,* 675 F.2d 811, 815 n. 2 (6th Cir.1982) (stating that "[u]nder the law of this circuit, back pay is equitable relief and the parties are, therefore, not entitled to a jury trial on that issue"); *Moore v. Sun Oil Co.,* 636 F.2d 154, 156 (6th Cir.1980); *Green v. AIM Executive, Inc.,* 897 F.Supp. 342, 347 (N.D.Ohio.1995). The remedies provision of the Sarbanes–Oxley Act states that back pay is a remedy intended to "make the employee whole." Courts have held that the intended purpose of such remedies are restitutionary in nature. *See Brock v. Casey Truck Sales, Inc.,* 839 F.2d 872, 879 (2nd Cir.1988) (holding that the purpose of a restitutionary action under the Fair Labor Standards Act is to make whole employees); *Musmeci v. Schwegmann Giant Super Markets,* 159 F.Supp.2d 329, 355 n. 26 (E.D.La.2001) (holding that a monetary award to make a plaintiff whole under an ERISA plan is restitutionary). Thus, since the back pay damages under the remedies provision of the Sarbanes–Oxley Act are restitutionary damages intended to "make the employee whole," such damages are equitable in nature, not legal, and do not give Plaintiff the right to a jury trial. Additionally, Plaintiff has conceded that reinstatement, listed along with back pay damages in the enforcement provision of Section 806, under the heading of "compensatory damages," is a form of equitable relief that does not entitle Plaintiff to a jury trial. Accordingly, Plaintiff's demand for a jury trial of her back pay damages claim should be denied and the demand struck from the pleadings.

■ Secondly, Plaintiff argues that her claim for "special damages" is a legal remedy entitling Plaintiff to a jury trial. Defendants argue that "special damages" are not a separate form of relief and do not imply either a legal or an equitable remedy. Rule 9(g) of the Federal Rules of Civil Procedure mandates that when special damages are claimed, they shall be specifically stated. Fed.R.Civ.P. 9(g). The purpose of this rule, in part, is to avoid unfair surprise on the part of the defendant and to give adequate notice of any unusual claim for damages. *See Hardcastle v. Harris,* 170 S.W.3d 67 (Tenn.Ct.App.2004); *Murray,* 2005 WL 1356444 at *2. In addition, the phrase "special damages" is usually a characterization of "those types of damages that, although resulting from the wrongful act, are not usually associated with the claim in question and must be plead in order to avoid unfair surprise to the defendant." *See Tipton v. Mill Creek Gravel, Inc.,* 373 F.3d 913, 923 n. 10 (8th Cir.2004) (citing *Avitia v. Metro. Club of Chicago, Inc.,* 49 F.3d 1219, 1226 (7th Cir. 1995)). In this case, Plaintiff has not specifically stated any items of special damages. Accordingly, Plaintiff's claim for "special damages," with nothing more, does not entitle her to a jury trial because she has not met the pleading requirements and alleged damages with sufficient particularity to designate them as either legal or equitable.

Plaintiff also argues that Congress intended the phrase "action at law" in the enforcement provision of the Sarbanes–Oxley Act, 18 U.S.C. § 1514(b)(1)(B) to make jury trials available for Section 806 claims. However, notwithstanding Plaintiff's contention, in *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707–08, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999), the Supreme Court held that the phrase "action at law" did not necessarily imply a right to a jury trial. *Id.* at 708, 119 S.Ct. 1624 ("We decline, accordingly, to find a statutory right under § 1983 based solely on the authorization of "an action at law." "). Accordingly, in-

stead of permitting Plaintiff's claim for a jury trial based only on this phrase, the Court looks at the text of the Sarbanes–Oxley Act and, since no express right exists within the statute, the Court engages in a Seventh Amendment analysis to decide whether Plaintiff's particular action under the Sarbanes–Oxley Act would resolve equitable or legal rights. As has been previously stated, Plaintiff's claim for back pay and special damages under this Act are not legal remedies that entitle Plaintiff to a jury trial.

■ Plaintiff also alleges that she is entitled to damages for injury to reputation, emotional, mental and physical distress and anxiety, or punitive damages. However, these damages are not listed under the remedies provision of Section 806 which provides for compensatory damages including: reinstatement, back pay, and any damages "sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorneys fees." 18 U.S.C. § 1514(c). Notably, the provisions of Section 806 make no mention of any type of damages considered non-pecuniary, damages such as injury to reputation, mental and physical distress, or punitive damages. In this regard, the remedies provision of the Sarbanes–Oxley Act is similar to remedies under Title VII prior to it 1991 amendments. The Supreme Court, in interpreting the remedies provision of Title VII at that time, stated that:

> Nothing in this remedial scheme purports to recompense a Title VII plaintiff for any of the other traditional harms associated with personal injury, such as pain and suffering, emotional distress, harm to reputation, or other consequential damages.

*United States v. Burke,* 504 U.S. 229, 239, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992). In sum, nothing leads this Court to believe that the remedies provision under the Sar-

banes–Oxley Act provides for the non-pecuniary, legal remedies claimed by Plaintiff.

■ Lastly, Plaintiff asserts that her Section 806 claims are comparable to 18th-Century actions in tort or actions for breach of employment contracts. Therefore, Plaintiff argues, under a Seventh Amendment analysis, she has a right to a trial by jury. In determining whether a particular action will resolve legal, as opposed to equitable rights, the Court will examine both the nature of the issues involved and the remedy sought:

> First we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second inquiry is the more important in our analysis.

*Terry,* 494 U.S. at 564, 110 S.Ct. 1339 (citations omitted).

As to the first prong of the Seventh Amendment analysis, at the time of the merger of the courts of law and equity, there was no Sarbanes–Oxley Act and therefore no statutory rights under Section 806. Thus, the proper inquiry is whether a claim similar to that allowed under Section 806 would have arisen in a court of law or a court of equity. Plaintiff asserts that her claims are legal and involve private rights similar to those under tort or breach of contract claims. Defendant argues that Section 806 does not simply involve private rights but rights of a public nature and such rights are therefore not analogous to personal tort or breach of contract claims.

One of the primary purposes of Section 806 is to protect public rights. *See* Final Rule, Procedures for the Handling of Discrimination Complaints Under Section 806, 69 FR 52104–01 ("The Act generally was

designed to protect investors by ensuring corporate responsibility, enhancing public disclosure, and improving the quality and transparency of financial reporting and auditing. The whistleblower provisions were intended to protect employees who report fraudulent activity that can mislead innocent investors in publically traded companies"); 148 Cong. Rec. D866–02, 2002 WL 1765959 (July 31, 2002) ("H.R. 3763, to protect investors by improving the accuracy and reliability of corporate disclosures made pursuant to the securities laws.") Congress deemed an action under Section 806 to be so closely integrated with the public regulatory scheme that it made the resolution of such a claim appropriate for administrative agency resolution prior to resolution by the judiciary. The enforcement provision of the Act states:

> In general. A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by—If the Secretary of Labor has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

18 U.S.C. § 1514A(b)(1)(B). Further, the Supreme Court held in *Granfinanciera v. Nordberg*, 492 U.S. 33, 42, n. 4, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) that "the Seventh Amendment does not entitle the parties to a jury trial if Congress assigns its adjudication to an administrative agency or specialized court of equity." As such, because Congress has assigned the adjudication of Section 806 claims to the Department of Labor, an administrative agency, and such claims may only be removed when the Secretary of Labor has failed to act within 180 days, Congress expressly

provided that such claims arising under this act are to be resolved by a court of equity. Thus, since Congress expressly provided that the first adjudication of a Section 806 claim should be heard by an administrative agency, Plaintiff is not entitled to a jury trial on that basis.

For the reasons set forth herein, the Court finds Defendants' motion to strike [Doc. 14] is well taken and the same is hereby **GRANTED**. The Court finds that Plaintiff is not entitled to a jury trial on her claim for retaliation under Section 806 of the Sarbanes–Oxley Act. In accordance with the Court's ruling, Plaintiff's demand for a jury trial, her claims for "damages to her career and reputation," "severe emotional, mental and physical distress and anxiety," and her demand for punitive damages, all of which are also based on her Section 806 claim, are hereby **STRICKEN** from her complaint.

IT IS SO ORDERED.